QUESTION:
Is a veteran suffering a 40 percent permanent service-connected disability and a 100 percent non-service-connected disability entitled to exemption under both ss. 196.202 and 196.24, F.S.?
SUMMARY:
A taxpayer may receive more than one exemption under Art. VII, s. 3(b), State Const. if he qualifies for each of the three enumerated exemptions independently. The exemptions granted by ss.196.202 and 196.24, F.S., are not separate categories but rather different standards applied to qualify for the same category.
Even assuming that the veteran could qualify under s. 196.24, F.S., which requires the disability to be the results of a war service injury, your question must be answered in the negative. According to your letter taxpayer is 40 percent disabled due to a service-connected traumatic arthritic L5 spine. He is also 100 percent disabled due to pulmonary emphysema which was neither incurred nor aggravated in the service. Both injuries are permanent.
In a previous opinion involving an ex-serviceman claiming several exemptions (AGO 072-151), I noted that an individual may receive more than one five hundred dollar exemption if he qualifies independently under more than one category of exemption. See also AGO 073-325. Article VII, s. 3(b), State Const., establishes three categories for exemption:
"There shall be exempt from taxation, cumulatively, . . . every widow or person who is blind or totally and permanently disabled, property to the value fixed by general law not less than five hundred dollars."
Section 196.202, F.S. implements, in part, Art. VII, s. 3(b). Since the individual is "permanently and totally" disabled he can claim a five hundred dollar exemption under s. 196.202.
The veteran in question also seeks an exemption under s. 196.24, F.S., which, assuming its constitutionality, provides a five hundred dollar exemption for 10 percent disability resulting from war service. In neither the State Constitution nor other sections of the Florida Statutes is there authority for allowing an independent exemption for a 10 percent disability. Because of its title, "Evidence of disability of ex-servicemen" (Emphasis supplied.) and its specific reference to the "exemption from taxation provided by Section 3(b), Article VII of the constitution," I previously concluded that s. 196.24 grants an exemption for a 10 percent disablity for veterans disabled during war service, in place of the requirement of "totally and permanently" disabled in s. 196.202, F.S. Attorney General Opinion 072-151. Thus, by qualifying under ss. 196.202 and 196.24, the taxpayer is not qualifying under a separate category. He is simply qualifying for the same category by means of separate standards or tests.